Danny C. Kelly (USBA 01788)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 578-6979
dckelly@stoel.com

Christopher N. Weiss (WSBA 14826) admitted *pro hac vice*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone:  (206) 386-7624
cnweiss@stoel.com

Counsel for Playboy Enterprises International, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>PLAY BEVERAGES, LLC,<br><br>       Debtor. | Bankruptcy Case No. 11-26046<br><br>Chapter 11<br><br>Honorable Joel T. Marker<br><br>[Filed Electronically] |

**PLAYBOY ENTERPRISES INTERNATIONAL, INC.'S
STATEMENT REGARDING PETITIONING CREDITORS' PENDING MOTION TO
RE-CONVERT TO CHAPTER 7 [Docket No. 338] and U.S. TRUSTEE'S PENDING
MOTION TO CONVERT OR FOR DISMISSAL [Docket No. 343]**

Consistent with statements made on the record during the hearing on November 30, 2012,

and in light of the Court's ruling on November 27, 2012 on Docket No. 372, Playboy Enterprises

International, Inc. ("Playboy") reaffirms that it is not a moving party with regard to (i)

Petitioning Creditors' motion to re-convert to a chapter 7 proceeding [Docket No. 338] or (ii) the

U.S. Trustee's Pending Motion To Convert Or For Dismissal [Docket No. 343] (collectively, the

72767169.3 0045705-00001                    -1-

"Motions to Convert").   At the hearing on the Motions to Convert on December 5, 2012 (the

"Hearing"), Playboy will not urge for the entry of an order either granting or denying the two

Motions to Convert.  To this end, Playboy does not intend to offer evidence, ask for the

admission of any exhibits or deposition testimony, examine witnesses, or otherwise participate

during the Hearing in support of, or in opposition to the Motions to Convert.  Playboy reserves

all rights to proceed with a presentation on all substantive matters in the Chicago Action[1] or

otherwise before a court located in Cook County, Illinois, including without limitation

presentation of the substantive merits of Playboy's position that the Standstill Stipulation and

this Court's related order bar debtor Play Beverages, LLC ("Debtor") and its affiliate CirTran

Beverage Corp. ("CBC") from re-filing claims that previously were asserted in the now-

dismissed adversary proceeding (Adversary Proceeding No. 11-02599).  (See Playboy

"Enterprises International, Inc.'s Motion to Enforce Court's Prior Order [Docket No. 218]," (the

"Motion to Enforce") [Docket No. 372] and the Court's oral ruling of November 27, 2012.)

Playboy's position is premised upon the understanding and belief that this Court has not

made, and does not intend to make at the Hearing, any determinations relating to any allegations,

positions, or issues relating to the Motion to Enforce or the merits of the claims/counterclaims in

the Chicago Action.  The Motions to Convert relate only to issues relating to what relief, if any,

the Court may determine to be "in the best interests of creditors and the estate" within the

meaning of Section 1112 of the Bankruptcy Code, whether such relief is (1) to deny one or both

---

[1] The Chicago Action refers to the action filed in the Circuit Court of Cook County, Illinois
County Department, Law Division on October 25, 2012, by Debtor and CBC against Playboy and others.
The term also includes any other court, state or federal, than this Court that may hereafter hear or make
any determinations of Debtor's and CBC's claims against Playboy, as well as any other claims or actions
asserted by any of the parties to the Chicago Action which relate to the claims and counterclaims arising
out of or relating to the Chicago Action.

of the Motions, (2) to convert this case to a case under chapter 7 of the Bankruptcy Code, (3) to

dismiss this case, (4) to appoint a trustee under Section 1104(a) of the Bankruptcy Code, (5) to

appoint an examiner, or (5) to provide such other relief, if any, the Court may find to be in the

best interests of creditors and the estate, with any determinations made only in light of the

purpose of the Hearing.  (*See* Section 506(a) of the Bankruptcy Code).

DATED this 4th day of December, 2012.

**STOEL RIVES** LLP

/s/Danny C. Kelly
Danny C. Kelly (USBA 1788)
Christopher N. Weiss, WA State Bar No. 14826,
*pro hac vice*
Counsel for Playboy Enterprises International, Inc.